James F. Monagle, Esq. (SBN 236638)
MULLEN COUGHLIN LLC
500 Capital Mall, Suite 2350
Sacramento, CA 95814
T: 267-930-1529
jmonagle@mullen.law

*Attorneys for Defendant*
*Choose Your Horizon, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN MARTINEZ and ELI SILVA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHOOSE YOUR HORIZON, INC.,<br><br>Defendant. | CASE NO. 3:24-CV-02798-LB<br><br>Assigned to Hon. Laurel Beeler<br><br>**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION** |

Defendant Choose Your Horizon, Inc. submits this Reply Brief in further support of its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint, or in the Alternative to Compel Arbitration. CYH's Motion should be granted and Plaintiffs' First Amended Complaint dismissed because Plaintiffs have failed to establish that this Court has jurisdiction over CYH and have failed to rebut CYH's evidence that Plaintiffs' claims that should be resolved through arbitration. Plaintiffs further incorrectly characterize CYH's website and business model.

### A. PLAINTIFFS – NOT CYH – ARE REQUIRED TO SATISFY THE *CALDER* TEST'S THREE PRONGS

It is a plaintiff's burden to establish the Ninth Circuit's first two prongs of the specific-personal jurisdiction. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1068–69 (9th Cir. 2017)

(citation omitted). Here, the specific-personal jurisdiction test's second prong is the *Calder* test. Plaintiff states CYH "has waived any argument that Plaintiffs have failed to satisfy prong one or three" of the *Calder* factors. Plaintiffs' Opposition fn. 1 at 2. That assertion is plainly wrong because it is Plaintiffs' burden to satisfy all three prongs. Thus, CYH's argument that Plaintiffs have failed to establish the second *Calder* prong does not excuse Plaintiffs from establishing the *Calder* test's first and third prong either, and CYH has not "waived" any argument in this regard.

**a. PLAINTIFFS ALLEGATIONS WRONGLY CHARACTERIZE CYH'S BUSINESS MODEL AND DISTORT WHAT CYH ACTUALLY DOES**

In their First Amended Complaint, Plaintiffs wrongly allege that CYH "reviews the responses to the questionnaire and writes a prescription for a low-dose ketamine treatment." Complaint at ¶ 53. Then, in their Opposition, Plaintiffs claim that CYH "ships physical medication to patients." Opposition at 1. However, as CYH's website clearly states, and as confirmed in the Reply Declaration of Mark Holland (the "Holland Reply Dec."), CYH is not a medical practice and instead facilitates the scheduling of appointments between prospective patients and medical providers. *See* Holland Reply Dec. at ¶¶ 2-4. CYH does not determine whether an individual is a suitable candidate for any medical treatment or medication. *Id*. at ¶ 5. Throughout the timeline set forth by Plaintiffs, CYH's website has consistently made this clear:

> **March 7, 2024**
> **Your Relationship with Us**
>
> Choose Your Horizon provides non-clinical administrative and operational services to independent medical providers and/ or practices (the Medical Groups). Choose Your Horizon is not a medical practice itself, has no ownership interest in the Medical Groups, does not have control over the clinical decision-making of the Medical Groups, and is not responsible for the quality of care provided by the Medical Groups. The professional medical services provided by the Medical Groups and the non-clinical Site services provided by Choose Your Horizon are collectively referred to in this Terms of Use as the "Service".

> **April 18, 2024**
> **Your Relationship with Us**
>
> Choose Your Horizon provides non-clinical administrative and operational services to independent medical providers and/ or practices (the Medical Groups). Choose Your Horizon is not a medical practice itself, has no ownership interest in the Medical Groups, does not have control over the clinical decision-making of the Medical Groups, and is not responsible for the quality of care provided by the Medical Groups. The professional medical services provided by the Medical Groups and the non-clinical Site services provided by Choose Your Horizon are collectively referred to in this Terms of Use as the "Service".
>
> **Today**
> **Your Relationship with Us**
>
> Choose Your Horizon provides non-clinical administrative and operational services to independent medical providers and/ or practices (the Medical Groups). Choose Your Horizon is not a medical practice itself, has no ownership interest in the Medical Groups, does not have control over the clinical decision-making of the Medical Groups, and is not responsible for the quality of care provided by the Medical Groups. The professional medical services provided by the Medical Groups and the non-clinical Site services provided by Choose Your Horizon are collectively referred to in this Terms of Use as the "Service".
>
> Your healthcare provider is also solely responsible for determining whether the Service will be (and continues to be) clinically appropriate and safe for you. Choose Your Horizon will comply with any instruction from a healthcare provider to discontinue offering the Service to any of its patients. Choose Your Horizon will comply with any instruction from a healthcare provider to change, modify, update or delete Patient information in the possession of Choose Your Horizon, consistent with the functionalities of the Service and website. In addition, Choose Your Horizon may, at the instruction or in the sole discretion of the healthcare provider, refuse to offer or continue offering the Service to any individual.

*See id*. at ¶¶ 6-7.

**b. PLAINTIFFS MISCHARACTERIZATION OF CYH'S BUSINESS MODEL ILLUSTRATES WHY THIS COURT DOES NOT HAVE JURISDICTION**

Relying on *Herbal Brands, Inc. v. Photoplaza, Inc.* and similar express aiming cases[1], Plaintiffs focus exclusively on cases where personal jurisdiction was based on a company placing physical

---

[1] *Oceanside Health Prods., LLC v. Dvir Deri, LLC*, 2024 WL 2269270 (9th Cir. May 20, 2024); *Zarif v. Hwareh.Com, Inc.*, 2025 WL 486317 (S.D. Cal. Feb. 13, 2025); *Sunday Red, LLC v. Tigeraire, Inc.*, 2024 WL 5339390, at *4 (C.D. Cal. Dec. 13, 2024); *Amazon Payments, Inc. v. Penson & Co. LLC*, 2024 WL 3152377, at *2 (N.D. Cal. June 24, 2024); *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 742 (N.D. Cal. 2023).

products into commerce and exercising control over those products. CYH does not and has never distributed medical products because CYH has no control over the distribution of any medication in California (or any state). CYH is not a medical practice, nor is it a pharmacy, and it is impossible for CYH to do what Plaintiffs allege. Therefore, Plaintiffs have not plausibly pled that CYH's business operations align with Plaintiffs' cited cases finding the *Calder* test's requirements were satisfied.

**B. THE ARBITRATION AGREEMENT APPLIES**

Plaintiffs' contention that the Arbitration Agreement at issue here must explicitly contain retroactive language to be applicable is misguided. Plaintiff Martinez had notice of CYH's arbitration provision, affirmatively acknowledged it and agreed to arbitration. Contesting the allegations of Plaintiffs' First Amended Complaint, CYH properly provided evidence contradicting Plaintiffs' erroneous allegations regarding CYH. For example, they claim that "[n]owhere in the process of obtaining Ketamine therapy, from the initial landing page to the end purchase page, were Plaintiffs ever put on notice of any documents that would put them on notice of any privacy policy, terms of use, or arbitration agreement." Complaint at ¶ 116. Yet tellingly, this allegation and the purported evidence supporting it does not address Plaintiff Martinez' experience. Instead, it is what Plaintiffs' counsel allegedly encountered prior to Plaintiff Martinez accessing CYH's website. *Id.* at ¶ 119.

None of Plaintiffs' cited cases on this point involved use of a website, which necessarily alters the standard for determining when mutual assent has been reached regarding Terms of Service compelling arbitration. By contrast, CYH's Motion to Dismiss presented case law addressing a variety of agreements in which the user of a website could give their assent to be bound by its terms. Here, CYH used a "click-wrap" agreement in which Plaintiff Martinez affirmatively checked a box indicating she agreed to CYH's Terms of Use, including arbitration. Importantly, Plaintiff's Opposition does not argue there was no assent to these terms.

In *In re Ring LLC Priv. Litig*. 2021 WL 2621197, at *1 (C.D. Cal. June 24, 2021), when the plaintiff was provided a click-wrap agreement and clicked 'I Accept', the arbitration clause incorporated into the terms of service was deemed enforceable. It suffices that a user is "provided with an opportunity to review the terms of service in the form of a hyperlink immediately above or below a button that must be clicked to affirmatively acknowledge the terms, **place an order**, or register for an account" then those terms are binding. *Id.* at 5. (emphasis added);*see also, e.g., Swift v. Zynga Game Network, Inc*., 805 F. Supp. 2d 904, 911-12 (N.D. Cal. 2011) (user assented to terms where website provided an opportunity to review the terms of service in the form of a hyperlink immediately under the "I accept" button, which user clicked); *Crawford v. Beachbody, LLC*, 2014 WL 6606563 (S.D. Cal. 2014) (user assented to terms by clicking "**PLACE ORDER**" button appearing immediately below disclaimer informing user that by clicking the button, user was agreeing to the site's terms) (emphasis added).

Plaintiffs here concede that CYH's Terms of Service were provided and assented to by checking a box at "the end Purchase page." Much like the court's findings in *In re Ring* and *Crawford*, assent to terms of service, even in the later website browsing stage of placing an order still indicates an agreement to be bound by an arbitration agreement.

**CONCLUSION**

For all the foregoing reasons, Defendant Choose Your Horizon, Inc. respectfully requests that its Motion to Dismiss, or, in the alternative, its Motion to Compel Arbitration be granted and that this action be dismissed or, in the alternative, this action should be stayed pending the outcome of the arbitration.

Dated: April 21, 2025

/s/ *James F. Monagle*
James F. Monagle, Esq.
jmonagle@mullen.law
**MULLEN COUGHLIN LLC**
500 Capital Mall, Suite 2350
Sacramento, CA 95814
Telephone: (267) 930-1529

*Attorneys for Defendants*

**PROOF OF SERVICE**

The undersigned attorney hereby certifies that, on April 21, 2025, I served the foregoing Reply Memorandum and Points of Authorities in Further Support of Defendant's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction, or, in the Alternative, to Compel Arbitration via email and ECF upon all counsel of record.

Dated: April 21, 2025

/s/ *James F. Monagle*
James F. Monagle