UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| KAREN MARTINEZ, et al., individually and on behalf of all other similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CHOOSE YOUR HORIZON, INC.,<br><br>Defendant. | Case No. 24-cv-02798-LB<br><br>**ORDER GRANTING PRELIMINARY APPROVAL**<br><br>Re: ECF No. 61 |

**INTRODUCTION**

This is a putative class action against Choose Your Horizon, Inc. (CYH), which owns and operates the website chooseketamine.com. The plaintiffs, Karen Martinez and Eli Silva, claim that CYH intercepted their personally identifying information and personal health information and disclosed it to third parties, in violation of California privacy statutes.[1] The parties have settled this case, and the plaintiffs have moved for preliminary approval of the proposed settlement.[2] The court grants the unopposed motion.

---

[1] First Am. Compl. (FAC) – EFC No. 35 at 2–4 (¶¶ 24, 27–37). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Settlement Agreement, Ex. 1 to Fraietta Decl. – ECF No. 61-1; Mot. – ECF No. 61.

ORDER – No. 24-cv-02798-LB

**STATEMENT**

**1. The Lawsuit**

Plaintiff Martinez filed this lawsuit on May 9, 2024, alleging claims for invasion of privacy in violation of the California Invasion of Privacy Act, Cal. Penal Code § 631, the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10, and the California Constitution.[3] On September 20, 2024, the court stayed the action to allow the parties to participate in private mediation, which they did in November 2024 with former Chief Justice of the U.S. District Court of the Northern District of Illinois, James F. Holderman, but could not reach settlement.[4]

CYH filed motions to dismiss for lack of jurisdiction and to compel arbitration.[5] In January 2025, the plaintiffs filed the first amended complaint, adding plaintiff Silva to the action with the same three claims.[6] In response, CYH moved to dismiss, compel arbitration, and stay the case.[7] The court denied the defendant's second motion to dismiss (finding personal jurisdiction over CYH) but compelled arbitration as to plaintiff Martinez's claims and stayed her case pending arbitration.[8] The parties continued mediation efforts, resulting in a settlement agreement on October 31, 2025.[9]

The plaintiffs now move for preliminary approval of the settlement pursuant to Fed. R. Civ. P. 23.[10] The parties have consented to magistrate-judge jurisdiction.[11]

---

[3] Compl. – ECF No. 1 at 30–35.

[4] Fraietta Decl. – ECF No. 61-1 at 2 (¶ 4).

[5] Mot. – ECF No. 30.

[6] FAC – ECF No. 35 at 34–39.

[7] Mot. – ECF No. 39.

[8] Order – ECF No. 56.

[9] Fraietta Decl. – ECF No. 61-1 at 2 (¶ 4).

[10] Mot. – ECF No. 61.

[11] Consents – ECF Nos. 6, 29, 63.

ORDER – No. 24-cv-02798-LB                    2

## 2. The Proposed Settlement

For the purpose of this order, the court adopts all defined terms as set forth in the settlement agreement.

### 2.1.  Settlement Class

The Settlement Class is defined as follows:

> [A]ll California residents who, from May 9, 2023, to and through July 11, 2024, had their personally identifiable information or protected health information disclosed to third-party entities, as a result of using the Websites while located in California.[12]

Excluded from the Settlement Class are:

> (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.[13]

There are approximately 761 people in the Settlement Class.[14]

### 2.2.  Settlement Amount and Allocation

The gross Settlement Fund is $400,000.00 and is fully non-reversionary.[15] It will be used to pay all Settlement Class Members, Notice and Settlement Administration Costs, taxes owed by the Settlement Fund, any court-approved service award to the plaintiffs, and any court-approved attorney's fees and awards.[16] The Settlement Amount reverts to CYH only if the Settlement Agreement is voided, cancelled, or terminated.[17]

Class Members will not be required to submit claim forms to participate in the Settlement. Instead, the Net Settlement Fund will automatically be distributed to Class Members on a pro rata

---

[12] Settlement Agreement, Ex. 1 to Fraietta Decl. – ECF No. 61-1 at 19 (§ 1.30).

[13] *Id.*

[14] *Id.*

[15] *Id.* at 19–20 (§ 1.32).

[16] *Id.*

[17] *Id.* at 38–40 (§ 9).

United States District Court
Northern District of California

basis.[18] Proposed Class Counsel estimates the payments will be $337 per Class Member.[19] Any funds remaining after the 180-day deadline for negotiating Claim Payment checks will be redistributed pro rata to Authorized Claimants that cashed their initial distribution check or received an electronic payment, so long as the reallocated pro rata share to each eligible Authorized Claimant is at least $5.00.[20] Any funds still remaining after 180 days from distribution will be distributed *cy pres* to the California Access to Justice Commission or another non-sectarian, not-for-profit organization recommended by Class Counsel and approved by the Court.[21]

### 2.3.    Release

"The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties."[22] "Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them."[23]

### 2.4.    Administration

Simpluris, Inc. is the proposed Settlement Administrator.[24] The plaintiffs selected Simpluris — having distributed over $7 billion in funds over fifteen years of administering class action settlements — following a competitive selection process.[25] Simpluris will also administer the Notice, handle the payments to Class Members, maintain the settlement monies for disbursement, establish a settlement website, and prepare tax forms required with disbursement of the funds.[26]

---

[18] *Id.* at 22 (§ 2.1.(b)).

[19] Fraietta Decl. – ECF No. 61-1 at 4 (¶ 10).

[20] Settlement Agreement, Ex. 1 to *id.* – ECF No. 61-1 at 24 (§ 2.1(g)).

[21] *Id.*

[22] *Id.* at 25 (§ 3.1).

[23] *Id.* (§ 3.2).

[24] *Id.* at 18 (§ 1.29).

[25] Fraietta Decl. – ECF No. 61-1 at 7 (¶ 20); Nelson Decl. – ECF No. 61-2 at 2 (¶ 3).

[26] Settlement Agreement, Ex. 1 to Fraietta Decl. – ECF No. 61-1 at 30–34 (§ 5).

Other administrative procedures — including for notice, exclusions, and objections — are set forth in the Settlement Agreement.[27]

**ANALYSIS**

**1. Jurisdiction**

The court has diversity jurisdiction under the Class Action Fairness Act (CAFA). 28 U.S.C. § 1332(d)(2).

**2. Certification of Settlement Class**

The court reviews the propriety of class certification under Fed. R. Civ. P. 23(a) and (b). When parties enter a settlement before the court certifies a class, the court "must pay 'undiluted, even heightened, attention' to class certification requirements" because the court will not have the opportunity to adjust the class based on information revealed at trial. *Staton v. Boeing Co.*, 327 F.3d 938, 952–53 (9th Cir. 2003) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

Class certification requires the following: (1) the class is so numerous that joinder of all members individually is "impracticable"; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives are typical of the claims or defenses of the class; and (4) the person representing the class will fairly and adequately protect the interests of all class members. Fed. R. Civ. P. 23(a); *Staton*, 327 F.3d at 953. Also, the common questions of law or fact must predominate over any questions affecting only individual class members, and the class action must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

The court finds (for settlement purposes only) that the proposed settlement class meets the Rule 23(a) prerequisites of numerosity, commonality, typicality, and adequacy. Also, under Rule

---

[27] *Id.* at 25–30 (§ 4).

ORDER – No. 24-cv-02798-LB                5

United States District Court
Northern District of California

23(b)(3) (and for settlement purposes only), common questions predominate over any questions affecting only individual members, and a class action is superior to other available methods.

First, with 761 members, the class is numerous.[28]

Second, there are questions of law and fact common to the class, including (1) whether the defendant violated the settlement class members' privacy rights, (2) whether the defendant's conduct constituted an invasion of privacy at common law, (3) whether the defendant violated the California Invasion of Privacy Act by aiding, agreeing, employing, and conspiring with third parties to intercept and use Settlement Class Members' communications, and (4) whether defendant violated the California Confidentiality of Medical Information Act by disclosing health information to third parties through their tracking software.[29] Thus, the claims depend on common contentions, the determination of which "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores*, 564 U.S. at 350; *Betorina v. Randstad US, L.P.*, No. 15-cv-03646-EMC, 2017 WL 1278758, at *4 (N.D. Cal. Apr. 6, 2017). Furthermore, these common questions predominate over any questions affecting only individual members.

Third, the claims of the representative parties are typical of the claims of the class. The representative parties and all class members allege the same violations based on similar facts. All representatives possessed the same interest and suffered the same injury as the rest of the class. *See Betorina*, 2017 WL 1278758, at *4.

Fourth, the representative parties will fairly and adequately protect the interests of the class. Two factors are relevant to the adequacy determination: (1) whether the named plaintiffs and their counsel have potential conflicts with the other class members; and (2) whether counsel chosen by the representative party is qualified, experienced, and able to vigorously conduct the litigation. *Hanlon*, 150 F.3d at 1020. Here, the named plaintiffs have shared claims and interests with the class (and no conflicts of interest), and they retained qualified and competent counsel with

---

[28] Fraietta Decl. – ECF No. 61-1 at 3 (¶ 6).

[29] Mot. – ECF No. 61 at 26.

significant experience litigating class actions.[30] *Loc. Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. L.V. Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001); *Hanlon*, 150 F.3d at 1021–22.

Finally, a class action is superior to other available methods for fairly and effectively adjudicating the controversy, especially given the relatively small amount of alleged damages for each individual consumer. Fed. R. Civ. P. 23(b)(3).

In sum, the prerequisites of Rule 23(a) and (b)(3) are met. The court certifies the class under Rule 23(b)(3) for settlement purposes only.

## 3. Preliminary Approval of Settlement

A court may approve a proposed class-action settlement only "after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether":

(A) The class representatives and class counsel have adequately represented the class;

(B) The proposal was negotiated at arm's length;

(C) The relief provided for the class is adequate, taking into account:

    (i)    The costs, risks, and delay of trial and appeal;

    (ii)    The effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)    The terms of any proposed award of attorney's fees, including timing of payment; and

    (iv)    Any agreement required to be identified under Rule 23(e)(3); and

(D) The proposal treats class members equitably relative to each other.

Fed. R. Civ. P 23(e)(2). These factors "are substantially similar to those articulated" in *Hanlon*, 150 F. 3d at 1027. *Student A v. Berkeley Unified Sch. Dist.*, No. 17-cv-02510-JST, 2021 WL 6332353, at *2 n.2 (N.D. Cal July 8, 2021).

In *Hanlon*, the Ninth Circuit identified factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class-action status throughout trial; (4) the amount offered in

---

[30] Fraietta Decl. – ECF No. 61-1 at 6 (¶ 17).

United States District Court
Northern District of California

settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. 150 F.3d at 1026.

When parties "negotiate a settlement agreement before the class has been certified, settlement approval requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019) (cleaned up). "Specifically, such settlement agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *Id.* at 1048–49 (cleaned up).

The court has evaluated the proposed settlement agreement for overall fairness under the *Hanlon* factors and concludes that preliminary approval is appropriate. Overall, the settlement appears fair. The settlement agreement was the result of an adversarial, non-collusive, and arms-length negotiation process.[31] *See* Fed. R. Civ. P. 23(e)(2)(B) advisory committee's note (2018) ("[T]he involvement of a neutral . . . in negotiations may bear on whether they were conducted in a manner that would protect and further the class interests."); *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (private mediation "tends to support the conclusion that the settlement process was not collusive"). The settlement amount per class member is in line with other actions involving similar claims with statutory damages.[32] The court will address attorney's fees at the final fairness hearing. *Hanlon*, 150 F.3d at 1029 (twenty-five percent is a benchmark in common-fund cases); *cf. Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002) (twenty-five-percent benchmark, though a starting point for analysis, may be inappropriate in some cases; fees must be supported by findings).

---

[31] *Id.*

[32] Mot. – ECF No. 61 at 19 (citing *In re Advocate Aurora Health Pixel Litig.*, No. 22-cv-1253 (E.D. Wis.) ($11.64 per class member in an action alleging wiretapping claims); *Vela v. AMC Networks, Inc.*, No. 1:23-cv-02524-ALC (S.D.N.Y.) ($9.00 per class member in an action alleging violations of the Video Privacy Protections Act)).

United States District Court
Northern District of California

United States District Court
Northern District of California

### 4. Appointment of Class Representatives, Class Counsel, and Claims Administrator

The court provisionally appoints the plaintiffs Karen Martinez and Eli Silva to represent the Settlement Class.[33] The plaintiffs are adequate representatives of the other members of the class and have claims that are typical of the other members' claims. The court provisionally appoints Philip L. Fraietta of Bursor & Fisher, P.A., and Scott R. Drury of Drury Legal, LLC, as counsel for settlement purposes only.[34] *See* Fed. R. Civ. P. 23(a), (g)(1). They have the requisite qualifications, experience, and expertise in prosecuting class actions. The court approves the retention of Simpluris as the settlement administrator.[35] It will administer the settlement in accordance with the terms in the settlement agreement.

### 5. Class Notice

The court approves the Settlement Notice and plan. The court finds that the notice provided the best notice practicable, satisfies the notice requirements of Rule 23, adequately advises class members of their rights under the settlement agreement, and meets the requirements of due process. *Cf. In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019) ("Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." (cleaned up)).

The forms of notice fairly, plainly, accurately, and reasonably provide class members with all required information, including (among other things): (1) a summary of the lawsuit and claims asserted; (2) a clear definition of the class; (3) a description of the material terms of the settlement, including the estimated payment; (4) a disclosure of the release of the claims; (5) the date, time, and location of the final fairness hearing; and (6) the identity of class counsel and the provisions for attorney's fees, costs, and class-representative service awards.[36] Fed. R. Civ. P. 23(c)(2)(B).

---

[33] Settlement Agreement, Ex. 1 to Fraietta Decl. – ECF No. 61-1 at 14 (§ 1.8).

[34] *Id.* (§ 1.6).

[35] *Id.* at 18–19 (§ 1.29).

[36] Settlement Agreement & Notices, Exs. 1, A–C to Fraietta Decl. – ECF No. 61-1 at 29 (§ 4.1(b)), 49–63.

ORDER – No. 24-cv-02798-LB                9

United States District Court
Northern District of California

### 6. Service Award

District courts must evaluate proposed awards individually, using relevant factors that include "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton*, 327 F.3d at 977 (cleaned up). "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009) (citation omitted). The Ninth Circuit has "noted that in some cases incentive awards may be proper but [has] cautioned that awarding them should not become routine practice." *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013) (discussing *Staton*, 327 F.3d at 975–78). District courts "must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives." *Id.* at 1164. In this district, a $5,000 incentive award is presumptively reasonable. *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015) (collecting cases).

The court defers consideration of the service awards until the final approval hearing.

### 7. Compliance with CAFA

The Settlement Agreement provides for compliance with CAFA: within ten days of the final-approval hearing, Simpluris is responsible for providing notice of the Settlement to the appropriate state and federal officials under 28 U.S.C. § 1715.[37] Any final settlement approval will be more than ninety days after service, as required by the Act.

---

[37] Settlement Agreement, Ex. 1 to Fraietta Decl. – ECF No. 61-1 at 27–28 (§ 4.1(e)).

ORDER – No. 24-cv-02798-LB                10

## 8. Procedures for Final Approval Hearing

### 8.1 Deadlines

The court approves the plaintiffs' proposed schedule set forth in paragraph 28 of the proposed order.[38] The Fairness Hearing will be on April 23, 2026.

### 8.2 Fairness Hearing

At the hearing, the court will consider whether to (1) finally approve the settlement agreement and the releases in it, (2) finally approve the service awards, and (3) award attorney's fees and costs to Settlement Class Counsel. The court may, for good cause, extend any of the deadlines or continue the Fairness Hearing without further notice to the Settlement Class Members.

### 8.3 Objections to or Exclusions from the Settlement

The objections and exclusion procedures will be those in the Settlement Agreement.[39]

## 9. Ancillary Items

If the Settlement does not occur for any reason, certification of the Settlement Class and any Settlement Class Representative or Settlement Class Counsel appointment, including this order, will be deemed void and vacated. The parties preserve all rights and defenses as they existed prior to the execution of the Settlement Agreement and this order in the event the Settlement Agreement is not finally approved by the court or otherwise does not take effect.[40]

The court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Release provided for in the Settlement Agreement.[41]

---

[38] Proposed Order – ECF No. 61-3 at 10 (¶ 28).

[39] Settlement Agreement, Ex. 1 to Fraietta Decl. – ECF No. 61-1 at 16, 28 (§§ 1.20, 4.3–4.5).

[40] *Id.* at 39 (§ 9.3); Proposed Order – ECF No. 61-3 at 3 (¶ 4).

[41] Proposed Order – ECF No. 61-3 at 9 (¶ 26).

ORDER – No. 24-cv-02798-LB                    11

**CONCLUSION**

The court (1) preliminarily approves the settlement and authorizes the notices as set forth in this order, (2) approves the notice plan, (3) provisionally appoints the class representatives and class counsel, (4) appoints Simpluris as the settlement administrator, (5) orders the procedures in this order, and (6) orders the parties and Simpluris to carry out their obligations pursuant to the Settlement Agreement. The schedule for all events is summarized in the chart in the proposed order, filed simultaneously with this order. The final-approval hearing will be on April 23, 2026.

This resolves ECF No. 61.

**IT IS SO ORDERED.**

Dated: January 29, 2025

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

ORDER – No. 24-cv-02798-LB                    12